UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTEN ROSE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DI NICOLA & DI NICOLA, LLC, JOSEPH M. DINICOLA, JOSEPH M. DINICOLA, JR., ABC COMPANIES 1-5 (fictitious names describing presently unidentified business entities), and JOHN DOES 1-5 (fictitious names of presently unidentified individuals),<br><br>　　　　　　Defendants. | Civil Action No.:<br>1:22−CV−05793−RMB−EAP |

**DECLARATION OF MATTHEW A. LUBER, ESQUIRE
IN SUPPORT OF MOTION TO SEAL**

I, Matthew A. Luber, Esquire declares as follows:

1.　　I am over the age of 18 years of age. I am a member in good standing of the bars of the State of New Jersey and Commonwealth of Pennsylvania. I am a managing partner at the law firm of McOmber McOmber & Luber, P.C. My firm and I represent the Plaintiff in the above-captioned matter.

2.　　I make this Declaration in support my Motion to Seal pursuant to Local Civil Rule 5.3.

3.　　I seek to seal and/or redact portions identified in Exhibit 1 (hereafter referred to as "Privileged Information") of the following docket entries, which relate to the Motion for Leave to Withdraw ss Counsel:

　　　　a.　**ECF No. 21-3** – Matthew A. Luber's Declaration in Motion for Leave to Withdraw Counsel.

　　　　b.　**ECF No. 21-5** – Exhibit A-F (emails) attached to Matthew A. Luber's

1

Declaration in Motion for Leave to Withdraw Counsel.

4. The Privileged Information I wish to seal and/or redact is identified in the Index attached hereto as Exhibit 1. Pursuant to Local Civil Rule 5.3(c)(3), I rely on Exhibit 1 in support of its Motion.

5. The Privileged Information relates to (a) emails and the substance of communications between Plaintiff and Counsel and (b) my mental impressions and litigation strategy during the course of representation, which are protected by attorney-client privilege and attorney work product.

6. The request to seal Privileged Information is the least restrictive alternative available to protect this information.

7. The Privileged Information above is not sealed, the Plaintiff and I would suffer substantial harm. *See United States ex rel. Salomon v. Wolff*, Civil Action No. 2:17-cv-05456-JLL-CLW, 2022 U.S. Dist. LEXIS 216409, at *8 (D.N.J. Mar. 14, 2022) ("It is well-settled that disclosure of communications protected by the attorney-client privilege constitutes a serious injury for which the sealing of Court records is an appropriate remedy." (citing *Com. Bancorp, LLC v. CNA Ins. Companies/Cont'l Cas.*, No. CV 09-1462, 2009 WL 10689613, at *2 (D.N.J. Dec. 11, 2009) (finding that a party "w[ould] suffer a clearly defined and serious injury from the release" of information protected by the attorney-client privilege))).

8. Pursuant to Local Rule 5.3(c)(1) and 7.1(d)(4), no brief is required because all facts in support of this Motion are set forth in this declaration and does not believe a brief will assist the Court.

9. I am unaware of any nonparty objections to this sealing request.

10. Accordingly, I respectfully request that the Court seal the Privileged Information,

pursuant to Local Civil Rule 5.3(c).

                                                  Respectfully submitted,

Dated: April 21, 2023         By:  */s/ Matthew A. Luber*
                                                   Matthew A. Luber, Esq.
                                                   McOMBER McOMBER & LUBER, P.C.
                                                   39 East Main Street
                                                   Marlton, NJ 08053
                                                   Phone: (856) 985-9800
                                                   E-mail: tjb@njlegal.com

                                                 *Attorneys for Plaintiff, Kristen Rose*