# SALMON ◆ RICCHEZZA ◆ SINGER & TURCHI LLP

| | | |
|---|---|---|
| SALLY J. DAUGHERTY<br>856-354-8074<br>sdaugherty@srstlaw.com | www.srstlaw.com | TOWER COMMONS, SUITE 406<br>123 EGG HARBOR ROAD<br>SEWELL, NJ 08080 |

TELEPHONE: 856-354-8074
FAX: 856-354-8075

August 29, 2023

<u>Via E-Filing and Electronic Mail</u>
The Honorable Marie Renee Bumb, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Courthouse, 4th and Cooper Streets
Camden, NJ 08101

Re:   Kristen Rose v. DiNicola & DiNicola, LLC, *et. al.*
      Docket No. 1:22-CV-05783-RMB-EAP

Dear Judge Bumb:

This firm represents the defendants in the above referenced matter.  Your Honor conducted a hearing on Defendants' Rule to Show Cause and held a Conference on June 1, 2023. The Rule to Show Cause arose from the hacking of the Defendants' computers that Defendants believe was done by Ms. Rose.  Ms. Rose did not appear for the hearing.

After several ex parte and joint meetings with counsel, Your Honor successfully brokered a resolution that included a dismissal with prejudice of all claims and counterclaims and the issuance of the following Joint Statement of counsel:

**THE PARTIES HAVE SETTLED THE COMPLAINT AND COUNTERCLAIMS WITH NO ADMISSION OF LIABILITY AND NO MONETARY PAYMENT.  ALL CLAIMS HAVE BEEN DISMISSED WITH PREJUDICE.  JOSEPH DiNICOLA, JR. CATEGORICALLY DENIED ALL ALLEGATIONS CONTAINED IN THE COMPLAINT INCLUDING ALL ALLEGATIONS OF ABUSE.**

The agreement also provided for mutual general releases, a no-contact order, a specific prohibition against Ms. Rose from using confidential information she may have obtained from hacking defendants' computers, a prohibition against Ms. Rose from contacting Defendants' clients and a mutual non-disparagement provision.

The terms of the agreement in principle were placed on the record, with Ms. Rose participating under oath by Zoom.  Ms. Rose consented to the terms of the agreement on the record and the parties were instructed to promptly memorialize them.  All parties and counsel were instructed to sign the formal agreement containing the terms placed on the record by Your Honor.  A copy of the transcript of the hearing is attached hereto as Exhibit A for Your Honor's convenience.

The Honorable Marie Renee Bumb, U.S.D.J.
August 29, 2023
Page - 2

The undersigned prepared a Settlement Agreement and General Release, the terms of which have been approved by the Defendants and counsel for Ms. Rose.  A copy of the Settlement Agreement and General Release is attached hereto as Exhibit B.  However, Ms. Rose's counsel has been unable to contact her to have her sign the Settlement Agreement and General Release.  We fully appreciate the limits on counsel's ability to contact Ms. Rose or to compel her to sign the Settlement Agreement and General Release.

We have also prepared a Joint Statement of Counsel that Ms. Rose's attorneys have approved, a copy of which is attached hereto as Exhibit C.  We respectfully request that the defendants be permitted to deem the transcript of the hearing as evidence of Ms. Rose's consent to the terms of the settlement agreement and use that transcript as may be necessary for the same purposes as the settlement agreement would have been used, including in connection with insurance claims for the damages and business interruption caused by the hacking of their computers, the rehabilitation of defendants' reputations, and in connection with any professional disciplinary or other action that has been or may be brought against the defendants arising from the matters alleged in the Complaint.  We also request that Ms. Rose's counsel be instructed to execute the Joint Statement of Counsel.

We also respectfully request that the Court Docket be changed from "settled" to "dismissed with prejudice," if this can be done.  Mr. DiNicola has already been questioned by the designation of the case as "settled," since he described it has having been dismissed with prejudice. The designation of "Dismissed with prejudice" more accurately reflects the outcome of this case whereas "Settled" carries a different implication, particularly with laypersons who may view the docket entries.  This is important to Mr. DiNicola, Jr. in particular, as a direct link to the Complaint on Law.com and multiple links New Jersey Law Journal article published the same day the Complaint was filed are the first items that appear on virtually every search engine when his name is entered by prospective clients, parents of his children's friends, former classmates, casual acquaintances or anyone else.

I am available at the Court's convenience to appear in person, by Zoom or by telephone to address any questions or concerns regarding this matter.

Respectfully submitted,

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

By: *Sally J. Daugherty*
Sally J. Daugherty

cc: Joseph M. DiNicola, Esquire
Joseph M. DiNicola, Jr., Esquire
All counsel of record (Via E-Filing)

{00462943.DOCX}