**SETTLEMENT AGREEMENT & GENERAL RELEASE**

This settlement agreement & general release (the "Settlement Agreement"), as of the latest date on the final page of this Settlement Agreement (the "Effective Date"), the Parties, **Kristen Rose** ("Rose") **and DiNicila & DiNicola, LLC, Joseph M. DiNicola and Joseph M. DiNicola, Junior** (collectively "DiNicolas") set forth the terms upon which the Parties have agreed to settle the matters described below.

**WHEREAS**, on September 20, 2022, Rose filed a Complaint in the United States District Court for the District of New Jersey, Docket No. 1:22-cv-5793-RMB-EAP alleging certain claims against the DiNicolas; and

**WHEREAS**, on March 3, 2023, DiNicolas filed an Answer to the Complaint with Affirmative Defenses and Counterclaims alleging certain claims against Rose (collectively the "Litigation"); and

**WHEREAS**, the Parties now desire to settle, compromise, and resolve all claims and counterclaims that were brought in the Litigation.

**NOW, THEREFORE**, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth herein, the adequacy and sufficiency of which are hereby acknowledged by all Parties, do hereby agree as follows:

1. **Recitals:** The above recitals are incorporated by reference and made a part of this Settlement Agreement.

2. **Dismissals with Prejudice:** Rose voluntarily dismisses her claims against DiNicolas with prejudice and without costs to any party. DiNicolas voluntarily dismiss their counterclaims against Rose with prejudice and without costs to any party.

3. **No Contact:** Plaintiff and Defendants shall not contact or communicate with each other, including family members or former spouses.

4. **Prohibition on Rose's Use of Information:** Rose shall not use or disseminate in any manner any of DiNicolas' emails, documents, files, or firm proprietary information of DiNicola & DiNicola, LLC and shall not use in any way DiNicolas' privileged information, whether as counsel to their clients or as clients of their counsel or attorney work product of DiNicolas or their counsel.

5. **Prohibition on Rose's Contacts of DiNicola's Clients:** Rose will not contact DiNicolas' existing, former or future clients.

6. **Mutual Non-Disparagement:** The parties agree not to disparage the other and not to engage in any behavior or conduct with the intent or effect of harassing, embarrassing or endangering the other. However, this provision shall not prohibit the parties from providing truthful information as may be necessary in response to a properly issued subpoena of a court of

competent jurisdiction, an investigation by any administrative agency, including but not limited to the Disciplinary Review Board and the Office of Attorney Ethics, any criminal proceedings and/or investigations by DiNicolas' insurance carrier of claims relating to a breach of their computers, software and electronic mail systems.

7. **Joint Statement Regarding Settlement:** The Parties agree to issue the following joint statement bearing the caption of this Litigation and the electronic signatures of counsel, and the parties and their counsel agree not to make any other public comment or statement to inquiries regarding this Settlement Agreement other than to refer to this joint statement:

> **THE PARTIES HAVE SETTLED THE COMPLAINT AND COUNTERCLAIMS WITH NO ADMISSION OF LIABILITY AND NO MONETARY PAYMENT. ALL CLAIMS HAVE BEEN DISMISSED WITH PREJUDICE. JOSEPH DiNICOLA, JR. CATEGORICALLY DENIED ALL ALLEGATIONS CONTAINED IN THE COMPLAINT, INCLUDING ALL ALLEGATIONS OF ABUSE.**

8. **Mutual General Releases:** In consideration for the releases of all claims of each by the other(s) and for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Rose and DiNicolas, individually and on behalf of and for the benefit of their heirs, beneficiaries, members, and any other persons or entities who could have the ability to bring or assert any claims on their behalf, irrevocably, knowingly and voluntarily remise, release and forever discharge the other(s) from, and hereby covenant not to sue any released parties, and the successors and assigns of any non-natural party, from any and all manner of actions, cause of action, complaints, claims, counterclaims, cross-claims, third-party claims, suits, arbitrations, debts, liens, liabilities and demands of any kind presently known or knowable, by reason of any matter, cause, thing, fact or circumstance of any nature that the releasing parties have or ever had by reason of any matter, cause, thing, fact or circumstance that occurred or was in existence from the beginning of time until June 2, 2023 that were asserted or could have been asserted in any federal or state court arising out of or relating to the Litigation.

9. **Binding Effect of the Agreement:** This Settlement Agreement shall be binding on, and shall inure to the benefit of, the Parties, and their respective predecessors and successors, including, without limitation, all past, present, and future officers, directors, members, agents, affiliates, employees, direct and indirect parent corporations, sister corporations, direct and indirect subsidiaries, attorneys, partners, insurers, principals, agents, heirs, administrators, successors, spouses, and assigns. The Parties also agree that this Settlement Agreement shall be binding on the Parties even if one or more of them shall become Debtors in a bankruptcy proceeding. To the extent permitted by applicable law, this Settlement Agreement shall bind any trustee or representative appointed for a Debtor's estate. Such binding effect is an integral part of this Settlement Agreement.

10. **Severability:** If any provision herein is found by a court of competent jurisdiction to be prohibited or unenforceable, it shall be ineffective only to the extent of such prohibition or unenforceability, and such unenforceability shall not invalidate the remainder of the Settlement Agreement or the other provisions herein.

      **11.** **No Admission of Liability:** Except for any beach or violation of this Settlement Agreement, this Settlement Agreement is expressly agreed to be in compromise, settlement and release of all claims, causes of action and disputes of any nature, between the Parties, whether known or unknown, or asserted, unasserted or capable of being asserted the releases described herein are to not to be construed as admissions of liability on the part of any Party.

      **12.** **Entire Agreement:** This Agreement is entered into by the Parties without reliance upon any statement, representation, promise, inducement or agreement not expressly contained herein. This Agreement constitutes the final and complete agreement between the parties relating to the subject matter hereof, and the Parties agree and stipulate that no other representations have been made by any other Party or third party except those expressly set forth herein. It is expressly understood and agreed that this Agreement may not be altered, amended, or otherwise modified in any respect except by a writing duly executed by hand by all of the Parties.

      **13.** **Construction:** The Parties to this Settlement Agreement and their respective counsel mutually contributed to the preparation of, and have had the opportunity to review and revise, this Settlement Agreement. Neither this Settlement Agreement nor any provision of this Settlement Agreement shall be construed against any Party, and no burden of proof shall be imposed on any Party, because that Party or its counsel drafted this Settlement Agreement or any provision hereof. All terms of this Settlement Agreement shall be construed based on the fact that it has been jointly drafted by the Parties.

      **14.** **No Third Party Beneficiaries:** This Settlement Agreement is made and entered into for the sole protection and benefit of the Parties and no other person or entity shall have any right of action hereon, right to claim any right or benefit from the terms contained herein, or be deemed a third party beneficiary hereunder.

      **15.** **Execution and Counterparts; Headings:** This Settlement Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Settlement Agreement may be executed and delivered by facsimile or electronic mail. The headings contained in this Settlement Agreement are inserted only for reference as a matter of convenience and in no way define, limit or describe the scope or intent of this Settlement Agreement, and will not affect in any way the construction, meaning, or interpretation of this Settlement Agreement.

      **16.** **Governing Law; Retention of Jurisdiction:**

      (a) This Settlement Agreement and all claims arising in whole or in part out of, related to, based upon, or in connection herewith or the subject matter of this Agreement will be governed by and construed in accordance with the laws of the State of New Jersey, without giving effect to any choice or conflicts of law provision or rule that would cause the application of the laws of any jurisdiction other than the State of New Jersey.

      (b) Judge Marie Renée Bumb shall retain jurisdiction over any claims relating to or arising from this Settlement Agreement, including any allegations of a breach hereof by either party.

{00459953.DOCX}

**IN WITNESS WHEREOF,** the undersigned parties have caused this Agreement to be executed as of the last date set forth below indicating their acceptance of and agreement to be bound by the terms and conditions of this Agreement.

**Kristen Rose**

| | |
|---|---|
| Signature | Date |

**DiNicola & DiNicola, LLC**

| | |
|---|---|
| By: Joseph M. DiNicola, Jr., Esquire | Date |

**Joseph M. DiNicola**

| | |
|---|---|
| Signature | Date |

**Joseph M. DiNicola, Jr.**

| | |
|---|---|
| Signature | Date |

**McOmber, McOmber & Luber**

| | |
|---|---|
| By: Matthew A. Luber, Esquire | Date |

**Salmon, Ricchezza, Singer & Turchi, LLP**

| | |
|---|---|
| By: Sally J. Daugherty, Esquire | Date |

{00459953.DOCX}